1 | BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
2 |   pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
3 |   kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
4 | Los Angeles, California 90067
Telephone: (310) 274-7100
5 | Facsimile: (310) 275-5697

6 | Attorneys for Plaintiff Brighton
Collectibles, LLC
7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 |

11 | BRIGHTON COLLECTIBLES, LLC, a Delaware limited liability company,

12 |

13 |       Plaintiff,

14 | vs.

15 | PUBLISHERS CLEARING HOUSE, LLC a New York limited liability company; ASTRA INTERNATIONAL, INC., a New York corporation; LF

16 | PRODUCTS PTE LTD, a Singapore corporation,

17 |

18 |       Defendants.

Case No. 2:17-cv-02327 TJH (JEMx)
Hon. Terry J. Hatter
Magistrate John E. McDermott

**[Proposed] Stipulated Protective Order**

Magistrate Judge:
Hon. John E. McDermott

1   The Court, finding that the order requested by the parties is proper and

2   desirable in the circumstances of this case, and good cause appearing therefore,

3   pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, grants the parties'

4   Joint Motion for Entry of Protective Order and enters the following Protective Order

5   for the benefit of all parties and witnesses and to govern the course of the discovery

6   proceedings in this case:

7   　　　　1.　　The following definitions shall apply to this Protective Order:

8   　　　　　　a.　　"Party" shall mean and refer to Brighton Collectibles, LLC;

9   Publishers Clearing House LLC; Astra International, Inc.; or LF Products PTE Ltd.

10   　　　　　　b.　　"Confidential Information" shall mean and refer to any

11   information that has not been made public and the disclosure of which may cause

12   harm to the person or entity from which the information is obtained, including, but

13   not limited to, documents and/or data that is considered in good faith by the

14   designating party to constitute a trade secret (as defined in California Civil Code §

15   3426.1), confidential information, and/or proprietary business or technical

16   information.  The designation made by a Party or non-party shall be a certification

17   to the Court and to the other parties that such information is believed in good faith to

18   be confidential within the meaning of this Protective Order.

19   　　　　　　c.　　"Confidential for Attorneys' Eyes Only Information" shall mean

20   and refer to any Confidential Information that is considered in good faith by the

21   designating party to be so highly sensitive that disclosure to persons other than

22   limited and specified individuals could cause undue risk of substantial and

23   immediate injury to the business of the producing party.  The designation made by a

24   disclosing party or non-party shall be a certification to the Court and the other

25   parties that such information is believed to be highly sensitive Confidential

26   Information and subject to this more restrictive classification within the meaning of

27   this Protective Order.

28   　　　　　　d.　　"Qualified Persons" entitled to view or receive Confidential

956176.2

-1-

Case No. 2:17-cv-02327 TJH (JEMx)

[Proposed] Stipulated Protective Order

1    Information not designated Confidential for Attorneys' Eyes Only Information shall

2    be limited to:

3             i.      Counsel to any Party to the litigation and those employees

4    of the Parties' counsel who need to see such Confidential Information in order to

5    perform their jobs, including the paralegals, clerical staff, secretarial staff, and other

6    support personnel employed by such counsel;

7             ii.      Those officers, directors or employees of the Parties to this

8    litigation, including their parents, subsidiaries, affiliates and insurers, who are

9    reasonably necessary to assist counsel in this litigation;

10             iii.      Any persons who appear on the face of the Confidential

11    Information as an author, addressee or prior recipient thereof;

12             iv.      Expert witnesses or consultants retained or employed by

13    the parties or their respective attorneys solely for the purpose of assisting counsel in

14    the prosecution, defense or settlement of this litigation who have complied with

15    paragraph 2, below, and the employees of such experts or consultants who are

16    assisting them;

17             v.      The United States District Court for the Central District of

18    California and its personnel, the United States Court of Appeals for the Ninth

19    Circuit and its personnel, and any other court of competent jurisdiction having

20    involvement in this litigation and its personnel;

21             vi.      Court reporters, stenographers, and video

22    reporters/videographers who are retained to transcribe or videotape testimony,

23    including depositions, in this litigation;

24             vii.      Any designated arbitrator who is assigned to hear and

25    adjudicate this litigation, or any mediator who is assigned to mediate this litigation

26    or consulted by agreement of the parties in any attempt to settle this matter, and any

27    of their respective personnel;

28             viii.      Witnesses at any deposition or other proceeding in this

1    action, during the course of their testimony upon the witness being advised of the
2    need and agreeing to keep the records confidential; and/or

3               ix.    Any other person to whom the Parties agree in writing.

4              e.    "Qualified Persons" entitled to view or receive Confidential for
5    Attorneys' Eyes Only Information shall be limited to:

6               i.    Counsel to any Party to the litigation and those employees
7    of the Parties' counsel who need to see such Confidential for Attorneys' Eyes Only
8    Information in order to perform their jobs, including the paralegals, clerical staff,
9    secretarial staff, and other support personnel employed by such counsel;

10              ii.    Designated In-House Counsel of the Party who receives
11   the documents ("Receiving Party") (1) who has no involvement in competitive
12   decision-making, (2) to whom disclosure is reasonably necessary for this litigation,
13   and (3) who has signed the "Acknowledgment and Agreement to Be Bound"
14   (Exhibit A);

15              iii.    Any persons who appear on the face of the Confidential
16   for Attorneys' Eyes Only Information as an author, addressee or prior recipient
17   thereof;

18              iv.    Expert witnesses or consultants who are not employees of
19   any Party and who are retained or employed by the parties or their respective
20   attorneys solely for the purpose of assisting counsel in the prosecution, defense or
21   settlement of this litigation who have complied with paragraph 2, below, and the
22   employees of such experts or consultants who are assisting them, to the extent
23   counsel of record in good faith believes such disclosure is required to assist in the
24   prosecution, defense or resolution of this litigation;

25              v.    The United States District Court for the Central District of
26   California and its personnel, the United States Court of Appeals for the Ninth
27   Circuit and its personnel, and any other court of competent jurisdiction having
28   involvement in this litigation and its personnel;

1              vi.    Court reporters, stenographers, and video

2   reporters/videographers who are retained to transcribe or videotape testimony,

3   including depositions, in this litigation;

4              vii.    Any designated arbitrator who is assigned to hear and

5   adjudicate this litigation, or any mediator who is assigned to mediate this litigation

6   or consulted by agreement of the Parties in any attempt to settle this matter, and any

7   of their respective personnel;

8              viii.    Witnesses at any deposition or other proceeding in this

9   action, during the course of their testimony, whom counsel for a Party legitimately

10  believes may, might or could have knowledge of the contents of the document

11  designated Confidential for Attorneys Eyes' Only or the specific events,

12  transactions, discussions, or data reflected in the document, and upon the witness

13  being advised of the need and agreeing to keep the records confidential; and/or

14             ix.    Any other person to whom the Parties agree in writing.

15      2.    Prior to receiving information designated as Confidential Information

16  or Confidential for Attorneys' Eyes Only Information, all Qualified Persons

17  identified in Paragraph 1(d), subparagraphs (iv), (vii), or (ix), or Paragraph 1(e),

18  subparagraphs (ii), (iv), (vii), or (ix), shall be provided with a copy of this Protective

19  Order and shall sign a sworn Written Assurance statement in substantially the form

20  that appears in Exhibit A. The original of the executed written assurance shall

21  remain in the possession of the attorney who makes the disclosure of the

22  Confidential Information or the Confidential for Attorneys' Eyes Only Information

23  until the Parties agree in writing to the contrary.

24      3.    The production of any material or information during discovery in this

25  action shall be without prejudice to any claim that such is privileged as a trade secret

26  or confidential and proprietary business information, or protected by the right of

27  privacy, and no Party shall be held to have waived these privileges or right by such

28  production.

4.     Whenever during the course of discovery in this matter a Party or witness is properly requested to disclose, or voluntarily discloses, materials or information that a Party considers to be Confidential Information or Confidential for Attorneys' Eyes Only Information, that Party shall indicate at or before the time of disclosure that the information or materials are Confidential Information or Confidential for Attorneys' Eyes Only Information by marking the information or materials as such or putting some other similar designation thereon, or by indicating in some other appropriate fashion that the information or materials produced are subject to this Protective Order.  Inadvertent failure to designate material as "Confidential" or "Confidential—For Attorneys' Eyes Only" under this Protective Order shall not operate as waiver of the Party's right to subsequently designate such material as "Confidential" or "Confidential—For Attorneys' Eyes Only."

5.     Materials or information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information, including any summaries, copies, abstracts, or other documents containing the Confidential Information or Confidential for Attorneys' Eyes Only Information, shall be treated in accordance with the terms of this Protective Order and shall be used by the Parties, their respective agents, and any other persons to whom such Confidential Information or Confidential for Attorneys' Eyes Only Information may be disclosed pursuant to this Protective Order, only for the prosecution, defense or settlement of this litigation, and for no other purposes, including but not limited to business and other litigation purposes.  Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of either Party to disclose Confidential Information or Confidential for Attorneys' Eyes Only Information lawfully obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Confidential for Attorneys' Eyes Only Information to any person as it deems appropriate.

1   6. If a Party or their counsel is served, during this action (including up to

2 the deadline to destroy or return documents set forth in paragraph 12), with a

3 subpoena requiring production of an opposing Party's Confidential Information or

4 Confidential for Attorneys' Eyes Only Information, the subpoenaed Party will,

5 within three court days, send by email a copy of the subpoena to the attorney for the

6 opposing Party (i.e., the Party that produced the material the subpoena seeks).  Once

7 it receives the notice, the opposing Party shall have five court days to file a motion

8 in the proper court objecting to the subpoena.  If a motion objecting to the subpoena

9 is timely filed, the subpoenaed Party shall not produce the material until after a court

10 rules on the motion, unless required to do so by a court order (other than the

11 subpoena itself) or by the law.

12   7. When briefs, memoranda or other documents or things containing

13 Confidential Information or Confidential for Attorneys' Eyes Only Information are

14 filed with the Court, the filing Party shall make every effort to file these documents

15 or things under seal and shall comply with the Court's requirements for doing so.  In

16 particular, the filing Party shall move in accord with the Local Rules to file the

17 documents under seal.  In all instances the designating party shall be provided an

18 opportunity, before a motion to file under seal is filed, to place in that motion the

19 reasons why the designating Party believes the material may be filed under seal.  If

20 the Magistrate Judge or the District Judge approves this request, and orders that the

21 documents may be filed under seal, the documents shall then be filed under seal.

22 However, should the Magistrate Judge or the District Judge decline to allow the

23 documents or things to be filed under seal, nothing in this Protective Order shall

24 prevent the filing party from submitting the documents or things to the Court in an

25 unsealed filing.

26   8. No document shall be filed under seal unless counsel secures a court

27 order allowing the filing of a document under seal.  An application to file a

28 document under seal shall be served on opposing counsel, and on the person or

1  entity that has custody and control of the document, if different from opposing

2  counsel. If opposing counsel, or the person or entity who has custody or control of

3  the document, wishes to oppose the application, he/she must contact the chambers of

4  the judge who will rule on the application, to notify the judge's staff that an

5  opposition to the application will be filed.

6      9.    Should any document(s) containing Confidential Information or

7  Confidential for Attorneys' Eyes Only Information be inadvertently filed without

8  the designation referred to in paragraph 4, the Party filing the document(s) shall,

9  upon discovering the error or upon written notification of the error, promptly ask the

10  Court to allow it to withdraw the documents, and will then follow the procedures

11  required by paragraphs 7 and 8, above.

12      10.    The process for challenging a Party's designation of material as

13  confidential shall be as follows:

14          a.    Any Party or Non-Party may challenge a designation of

15  confidentiality at any time.

16          b.    The Party challenging the designation ("Challenging Party")

17  shall initiate the dispute resolution process by providing written notice of each

18  designation it is challenging and describing the basis for each challenge. To avoid

19  ambiguity as to whether a challenge has been made, the written notice must recite

20  that the challenge to confidentiality is being made in accordance with this specific

21  paragraph of the Protective Order. The Parties shall attempt to resolve each

22  challenge in good faith and must begin the process by conferring directly (in voice

23  to voice dialogue; other forms of communication are not sufficient) within 14 days

24  of the date of service of notice. In conferring, the Challenging Party must explain

25  the basis for its belief that the confidentiality designation was not proper and must

26  give the party who designated the material confidential ("Designating Party") an

27  opportunity to review the designated material, to reconsider the circumstances, and,

28  if no change in designation is offered, to explain the basis for the chosen

1 | designation. A Challenging Party may proceed to the next stage of the challenge
2 | process only if it has engaged in this meet and confer process first or establishes that
3 | the Designating Party is unwilling to participate in the meet and confer process in a
4 | timely manner.

5 |       c.    If the Parties cannot resolve a challenge without court
6 | intervention, the Challenging Party may file and serve a motion challenging the
7 | designation under Civil Local Rules 7-4 through 7-8 (and in compliance with Civil
8 | Local Rule 79-5, if applicable). Each such motion must be accompanied by a
9 | competent declaration affirming that the movant has complied with the meet and
10 | confer requirements imposed in the preceding sub-paragraph.

11 |       d.    The burden of persuasion in any such challenge proceeding shall
12 | be on the Designating Party. Frivolous challenges and those made for an improper
13 | purpose (e.g., to harass or impose unnecessary expenses and burdens on other
14 | parties) may expose the Challenging Party to sanctions. All parties shall continue to
15 | afford the material in question the level of protection to which it is entitled under the
16 | Designating Party's designation until the court rules on the challenge.

17 |     11.   A Designating Party may give notice to another Party that it is
18 | eliminating or changing a previous designation of material as "Confidential" or
19 | "Confidential - For Attorneys' Eyes Only." In that event, if the Designating Party
20 | does not wish the previous designation to be known, it shall provide a new, re-
21 | designated copy of the documents or other material. Such re-designated copy will
22 | then be the only version of the documents that may be used as an exhibit at trial or
23 | otherwise displayed to the court. No mention shall be made to the Court of the
24 | previous designation.

25 |     12.   Within 60 days after the termination of this Action and the expiration
26 | of the time for appeal or final determination of any appeal, all originals and copies
27 | of any Confidential Information or Confidential for Attorneys' Eyes Only
28 | Information in the possession, custody or control of any person or entity (other than

1  the courts identified in paragraphs 1(d)(v) and 1(e)(v) above) shall be destroyed or

2  returned to the Party who produced such document(s) or information.  In the event

3  that the documents are destroyed, rather than returned, a letter to that effect shall be

4  provided to counsel.  Notwithstanding the foregoing, each Party's outside counsel

5  may maintain one copy of all documents containing Confidential Information or

6  Confidential For Attorney's Eyes Only Information for the sole purpose of

7  maintaining complete and accurate files of this action.

8       Confidential Information or Confidential for Attorneys' Eyes Only

9  Information in the possession, custody or control of the District Court shall be

10  disposed of as follows: Within 30 days after the termination of this Action and the

11  expiration of the time for appeal or final determination of any appeal, any Party to

12  this action may provide to the District Court a package containing the materials

13  necessary, with postage prepaid, to return the Confidential Information or

14  Confidential for Attorneys' Eyes Only Information to that Party (hereinafter "Return

15  Package").  The Party seeking return of the Confidential Information or Confidential

16  for Attorneys' Eyes Only Information must be one of the parties to this action, or its

17  counsel, but need not be the actual owner of the information or the party that

18  actually submitted the information to the Court.  The materials submitted to the

19  Court in the Return Package shall include a list of the documents to be returned, and

20  this list must be submitted to the other Party at least one week prior to the expiration

21  of the 30 day period referenced above.  Any Confidential Information or

22  Confidential for Attorneys' Eyes Only Information returned pursuant to the

23  foregoing procedure must be treated by the receiving party strictly in accordance

24  with the terms of this Protective Order.  To the extent that the parties do not seek the

25  return of Confidential or Confidential for Attorneys' Eyes Only Information as set

26  forth above, the District Court may dispose of such Confidential Information or

27  Confidential for Attorneys' Eyes Only Information in any manner it deems proper.

28       13.    This Protective Order shall be without prejudice to the right of the

1  Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c)

2  for a separate protective order as to any particular document or information,

3  including restrictions differing from those as specified herein.

4       14.    Third parties who produce documents or materials or provide testimony

5  in connection with this action, whether in response to a subpoena or otherwise, may

6  produce such documents or materials and/or testify pursuant to the protections

7  afforded by this Order by complying with paragraph 2 above.

8       15.    The provisions of this Protective Order are subject to further Court

9  order.

10       16.    Without separate and subsequent Court order, this Protective Order

11  does not change, amend, or circumvent any Court rule or Local Rule.

12

13  Dated:   10/25/2017`     , 2017    John E. McDermott

14                           United States Magistrate Judge

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I _____ [name], _____ [position of employment], hereby acknowledge that any information provided to me is subject to the terms and conditions of the Protective Order in case number 2:17-cv-02327, pending in the United States District Court for the Central District of California.

Having been given a copy of the Protective Order, and having read and understood its contents, I hereby agree to be bound by and to comply with the terms and provisions thereof.  I further agree that I will not disclose documents or information designated Confidential Information or Confidential for Attorneys' Eyes Only Information except as specifically permitted by the terms of the Protective Order, and that I will use the documents or information solely for purposes of this litigation in accordance with the Protective Order.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the aforesaid Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____